UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
        **Plaintiff**
v.                                                                                  Case Number 4:04cr3099

                                                                                    USM Number 19168-047

**ROBERT VYHNALEK**
        **Defendant**
                                                                                    Kevin Oursland

                                                                                    Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Information on 10/06/05.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 49:521(b)(6) and 18:2 - VIOLATION OF REGULATIONS ISSUED BY U.S. DEPARTMENT OF TRANSPORTATION; AND AIDING AND ABETTING | June 3, 2003 | 1s |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Indictment is dismissed on the motion of the United States as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
December 27, 2005

s/ Richard G. Kopf
United States District Judge

January 4, 2006

Defendant: ROBERT VYHNALEK  Page 2 of 5
Case Number: 4:04cr3099

## PROBATION

The defendant is hereby sentenced to probation for a term of **5 Years**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: ROBERT VYHNALEK  Page 3 of 5
Case Number: 4:04cr3099

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of controlled substances, firearms or any other contraband. Any such items found may be seized by the United States Probation officer. This condition may be invoked with or without the cooperation of law enforcement officers.

2. Defendant shall participate in the Victim Awareness Program as directed by the U. S. Probation Officer. Based on defendant's ability to pay, the defendant shall pay for the costs of the program in an amount determined by the probation officer.

3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the United States Probation officer.

4. The defendant shall provide the United States Probation officer with access to any requested financial information.

5. The requirement of 18 U.S.C. § 3563 (a) (5) regarding drug testing, that is, testing within fifteen (15) days of release on supervised release and to two (2) periodic drug tests thereafter, is suspended until further order of the court because the presentence investigation report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

6. The defendant will submit a plan to the Department of Transportation, advising it of the manner and specific location of all Vyhnalek Trucking records required to be kept by statute and/or regulation, and will update said plan annually, and also upon a change in the manner or location by which any such records are maintained and stored.

7. The defendant will obtain and keep all Vyhnalek Trucking fuel receipts in a time and date stamped format (reflecting the time, date, and location of the fuel purchase).

8. The defendant will resolve and satisfy all administrative matters now pending with the Department of Transportation.

9. Conditions 6 and 7 above apply to Vyhnalek Trucking, but will also apply to any new trucking company he or she may become associated with or employed by during the period of probation, so long as his or her position with any such new trucking company permits him or her to comply with conditions 6 and 7.

10. The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00 am and 4:30 pm, 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402) 437-5223, within seventy-two (72) hours of being placed on probation and, thereafter, as directed by the probation officer.

Defendant: ROBERT VYHNALEK                                                                                                        Page 4 of 5
Case Number: 4:04cr3099

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $25.00 (PAID) | $12,500.00 | $20,000 |

## FINE

A Fine in the amount of $12,500.00 is imposed.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

## RESTITUTION

Restitution in the amount of **$20,000** is hereby ordered to be paid jointly and severally with co-defendants Richard Crawford and Rose Vyhnalek. Restitution shall not bear interest in this court. The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** |
|---|---|---|
| Federal Motor Carrier Safety Administration | $20,000.00 | $20,000.00 |
| **Totals** | $20,000.00 | $20,000.00 |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: ROBERT VYHNALEK                                                                                                  Page 5 of 5
Case Number: 4:04cr3099

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the court orders that payment of the total criminal monetary penalties shall be due as follows:

The defendant has paid the special assessment in the amount of $25.00, Receipt L407575. The defendant shall pay a fine in the amount of $12,500.   Restitution is hereby ordered jointly and severally with co-defendants Rose Vyhnalek and Richard Crawford, 4:04CR3099, in the amount of $20,000.00.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 593 Federal Building, 100 Centennial Mall North, Lincoln, NE 68508.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.  In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk